Cranch, C. J.,
delivered the opinion of the Court. The simple and only ground of equity stated in the bill is, that the complainant had a good defence at law, and duly summoned his father as a witness to prove it, (“ which will appear from the annexed summons.”) But that when the cause came on to trial, the complain *303 ant’s father was so much indisposed, that he could not, in time, attend as a witness, for the complainant,' and'judgment was obtained at law against .him. ' The summons.was served not by a marshal or other officer, but by the son of the witness. ' The answer denies the ground of defence at law, but does not say any thing of the absence of the witness at the trial. If, therefore, the equity of the bill is sufficient to warrant an injunction, it cannot be dissolved. The mere fact of the absence of a material witness at the time of trial, is not of itself a sufficient ground for an injunction, beeause'the court of law who tried the cause, was fully competent to give relief, by a continuance or a new trial. The bill does not even aver that an application was made to the court of law for that relief; and if it had, and the court had erroneously refused it, or had improperly exercised its discretion in refusing it, it is not competent for a court of equity to revise and correct the errors of a court of law in a case in which the latter had complete jurisdiction, equitable as well as legal.
There being therefore, no ground of equity in the bill, the injunction must be dissolved.